[No. B204878. Second Dist., Div. Three. Jan. 21, 2010.]

SUPERIOR DISPATCH, INC., Plaintiff and Appellant, v. INSURANCE CORPORATION OF NEW YORK, Defendant and Respondent.

## COUNSEL

Pierry Shenoi, Brown Shenoi Koes, Allan A. Shenoi; Law Offices of Daniel J. Koes, Brown Shenoi Koes and Daniel J. Koes for Plaintiff and Appellant.

Steven B. Stevens for Consumer Attorneys of California and United Policyholders as Amici Curiae on behalf of Plaintiff and Appellant.

John Metz as Amicus Curiae on behalf of Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith and Raul L. Martinez for Defendant and Respondent.

## OPINION

**CROSKEY, J.**—Superior Dispatch, Inc. (Superior), appeals a summary judgment in favor of its insurer, Insurance Corporation of New York (Inscorp). The trial court granted summary judgment based on a one-year contractual limitations provision in the policy and concluded that Inscorp's failure to notify Superior of the provision did not support an equitable estoppel to assert the provision. Superior's principal contention on appeal is that Inscorp had a duty to notify Superior of the contractual limitations provision under a Department of Insurance regulation (Cal. Code Regs., tit. 10, § 2695.4, subd. (a)),[1] and that Inscorp is equitably estopped from asserting the limita-

---

[1] All further section references are to California Code of Regulations, title 10, unless otherwise indicated.

tions period because it failed to provide the required notice. Superior also challenges the sustaining of a demurrer to its fraud count.

We conclude that section 2695.4, subdivision (a) requires an insurer to notify its insured claimant of contractual limitations provisions and other policy provisions that may apply to the claim, regardless of whether the insured is represented by counsel. An insurer's failure to notify its insured of a contractual limitations provision establishes an equitable estoppel to rely on the provision if the insured had no actual knowledge of the provision and the insured's failure to discover the provision by other means was reasonable. Inscorp failed to show the absence of a triable issue of fact as to equitable estoppel and therefore is not entitled to summary judgment based on the contractual limitations period.

We conclude further, however, that Inscorp is entitled to summary judgment based on another ground asserted in its motion. Undisputed evidence of a material misrepresentation made in the application for insurance invalidates the policy and supports a judgment in favor of Inscorp. We also conclude that Superior has shown no prejudicial error in the sustaining of the demurrer to its fraud count. We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### 1. *Insurance Policy*

Superior is a trucking company that provides drayage and other short-haul services. RSI Insurance Brokers, Inc. (RSI), acting on behalf of Superior, submitted an application for insurance to Crump Underwriting Services, Inc. (Crump), acting on behalf of Inscorp. The application stated that Superior was a common carrier, identified the commodities hauled as "P[r]oduce," "food goods & canned foods beer/wine," "textiles," and "paper products," and listed the percentage of each, totaling 100 percent.

Inscorp, through Crump, issued an insurance policy to Superior in August 2002. A "Motor Truck Cargo Owners and Truckmens Form" (Cargo Coverage Form) in the policy provided liability coverage relating to loss of or damage to cargo in transit. It also provided optional property damage coverage, but that option was not selected. The coverage form stated: "This policy covers the legal liability of the Insured as a common or contract carrier under tariff documents, bills or [*sic*] lading or shipping receipts issued by the Insured, for direct loss or damage caused by any of the perils specified herein to lawful goods and merchandise consisting principally of CONTAINERIZED

FREIGHT, PRODUCE, CANNED GOODS, BEER & WINE, PAPER PRODUCTS, TEXTILES in transit while loaded for shipment in or on vehicles described herein. . . ." The capitalized language was typed onto blank lines on the printed form. The policy conditions included a one-year contractual limitations provision.[2]

A provision in the Cargo Coverage Form stated, "This entire policy shall be void if, whether before or after a loss the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the Insured therein, or in the case of any fraud or false swearing by the Insured relating thereto."

### 2. Claim and Its Denial

Matson Navigation Company (Matson) hired Superior to carry freight by truck from a terminal at the Port of Los Angeles to another location. The freight included a dump truck on a flat rack trailer. The cab of the dump truck struck an overpass on July 10, 2003, while the trailer was passing under the bridge. Matson notified Superior that its customer had rejected the dump truck and demanded payment from Superior for its full value pursuant to the terms of its contract with Superior.

Superior submitted a claim to Inscorp on July 17, 2003. Inscorp's claims adjuster, Fleming & Hall Administrators, Inc. (F & H), sent a letter to Superior on November 5, 2003, stating that there was no coverage under the terms of the policy and that the claim was denied. Superior did not receive the letter at that time, apparently because it was misaddressed. F & H sent a copy of the letter by fax to RSI on November 21, 2003, and Superior received the letter on that date. The letter did not notify Superior of the one-year contractual limitations provision.

Superior's retained legal counsel. Danh T. Luu, an attorney, sent a letter to F & H on January 7, 2004, challenging the claim denial and alleging that the denial was in bad faith. RSI also corresponded with Inscorp on January 13, 2004, urging it to reconsider the denial.

Raul L. Martinez, as counsel for Inscorp, sent a letter to Luu on February 11, 2004. The letter stated: "We have reviewed the coverage position taken by

---

[2] The contractual limitations provision in the Cargo Coverage Form stated: "No suit action or proceeding for the recovery of any claim under this policy shall be sustainable in any court of law or equity unless the same be commenced within twelve (12) months next after discovery by the Insured of the occurrence which gives rise to the claim, provided however, that if by the laws of the State within which this policy is issued such limitation is invalid, then any such claims shall be void unless such action, suit or proceeding be commenced within the shortest limit of time permitted by the laws of such State."

our client on this claim, as well as your letter of January 7, 2004. However, please be advised that we concur with our client's determination that there is no coverage under the policy for this loss." The letter stated that counsel was "prepared to defend our client's position on coverage regarding this claim," and that Inscorp had instructed counsel to file a declaratory relief action, if necessary. The letter did not refer to the one-year contractual limitations provision. Luu never responded to the letter.

### 3. *Complaint, Demurrer, and Motion to Strike*

Superior filed a complaint against Inscorp and RSI on May 20, 2005, and filed its fourth amended complaint in December 2006. Superior alleges that it became contractually liable to Matson for damage to "containerized freight" that it was carrying for Matson when part of the load struck a bridge. It alleges that the Cargo Coverage Form provides coverage for its liability, that Inscorp failed to adequately investigate the claim, and that the denial of its claim was wrongful and in bad faith. It also alleges that Inscorp failed to provide notice of the one-year contractual limitations provision at any time, that Superior had no actual knowledge of the provision, that Inscorp is equitably estopped from relying on the provision, and that the contractual limitations period was equitably tolled.

Superior also alleges that the insurance application submitted by RSI "did not accurately describe [Superior's] business" and that Superior did not review or approve the contents of the application. Superior alleges that the information listed on the application concerning the commodities hauled was "false." Superior alleges that RSI initially submitted an unsigned application to Crump and later obtained Superior's signature on a single page, which Superior subsequently discovered was the last page of an application.

Superior alleges counts for (1) breach of the insurance contract, against Inscorp; (2) breach of the implied covenant of good faith and fair dealing, against Inscorp; (3) breach of an oral, implied in fact, and partly written contract, against RSI; (4) negligence and negligent misrepresentation/concealment, against RSI; (5) breach of fiduciary duty/constructive fraud, against RSI; (6) fraud, against both defendants; and (7) unfair competition (Bus. & Prof. Code, § 17200 et seq.), against both defendants. Superior alleges in the fraud count that Inscorp concealed its lack of familiarity with the drayage business and falsely advertised itself as competent in this line of insurance. Superior alleges in the unfair competition count that Inscorp falsely advertised and made misrepresentations concerning its familiarity with the drayage business, that it failed to disclose the contractual limitations period as

required by section 2695.4, subdivision (a), and that its conduct was unlawful, unfair, and fraudulent.

Inscorp demurred to the fourth amended complaint. As to the fraud count, Inscorp argued that Superior failed to allege with particularity the facts supporting its claims of misrepresentation and concealment. The court sustained the demurrer to the fraud count without leave to amend. Inscorp also moved to strike punitive damages allegations in the second and sixth counts on the grounds that the allegations of oppression, fraud, and malice were conclusory and that the facts alleged in the complaint did not support an award of punitive damages. The court granted the motion.

### 4. *Summary Judgment*

Inscorp filed a motion for summary judgment or summary adjudication in July 2007. It argued that the one-year contractual limitations period barred the complaint in its entirety. Inscorp argued that it had no obligation to "provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim" pursuant to section 2695.7, subdivision (f) because Superior was represented by counsel, that section 2695.4, subdivision (a) was inapplicable, and that there was no basis for equitable estoppel. Inscorp also argued that there was no basis for equitable tolling and no coverage under the terms of the policy.

Inscorp also argued that Superior's failure to list motor vehicles in the insurance application as one of the commodities hauled was a material misrepresentation and concealment that invalidated the policy. Inscorp cited allegations in Superior's original complaint that Superior routinely hauled "autos, dump trucks and other vehicles" and argued that those allegations showed that the failure to identify motor vehicles as one of the commodities hauled was a material misrepresentation and concealment.

Superior argued in opposition that section 2695.4, subdivision (a) applied and created a duty to notify Superior of the contractual limitations provision. Superior cited evidence that Inscorp failed to notify Superior of the provision in its correspondence with Superior and presented its own response to an interrogatory stating that it had no actual knowledge of the provision. Superior also argued that a duty to notify it of the contractual limitations provision arose under section 2695.7, subdivision (f), that equitable estoppel and equitable tolling applied, and that Inscorp failed to show that there could be no coverage under the policy, among other arguments.

Superior also argued that there was no misrepresentation or concealment as to the commodities hauled. Superior presented evidence that Inscorp's inspector had reported that Superior hauled "100% container freight." Superior

argued that the terms "container freight" and "containerized freight" as used in the industry could include anything in or on a container. Superior argued that Inscorp's knowledge that Superior hauled "100% container freight" showed that Inscorp understood that the containers could contain anything and that Inscorp was not misled by the listing of commodities hauled in the insurance application.

The trial court concluded that the counts remaining against Inscorp were barred by the one-year contractual limitations period. The court determined that section 2695.7, subdivision (f) rather than section 2695.4, subdivision (a) controlled because the former was more specific, and that Inscorp was not required to notify Superior of the contractual limitations provision because Superior was represented by counsel 60 days before the limitations period expired. The court concluded further that Superior had failed to create a triable issue of material fact as to equitable estoppel. The court did not address the other grounds asserted in the motion. The court therefore granted the summary judgment motion and entered judgment in favor of Inscorp.[3] Superior timely appealed the judgment.[4]

## CONTENTIONS

Superior contends (1) Inscorp is equitably estopped from asserting the contractual limitations provision as a defense because Inscorp failed to notify Superior of the provision, as required by section 2695.4, subdivision (a); (2) the summary judgment cannot be affirmed on the grounds of a material misrepresentation or concealment in the insurance application because there was no such misrepresentation or concealment; (3) the unfair competition count is not governed by the contractual limitations provision, so the summary adjudication of that count based on the contractual limitations provision was error; and (4) the complaint adequately alleges fraudulent concealment, so the sustaining of the demurrer to its fraud count was error.[5]

---

[3] RSI did not move for summary judgment and is not a party to this appeal.

[4] We filed our initial opinion in this appeal on July 30, 2009. Inscorp notified this court on August 3, 2009, that it had been declared insolvent and ordered to be rehabilitated in an order filed by a New York state court on June 30, 2009. Inscorp also petitioned for a rehearing on several grounds. We granted a rehearing, automatically vacating our prior opinion, and stayed all proceedings in this matter until 60 days after the date of the order of rehabilitation, pursuant to Insurance Code section 1063.6. In addition, we sought and received additional briefing from the parties relating to the issues raised by Inscorp's petition for rehearing (see fn. 9 *post*).

[5] Superior also contends the striking of its punitive damages allegations in the second and sixth counts was error. This contention is moot in light of our conclusion that those counts have no merit, as we will explain.

## DISCUSSION

### 1. Standard of Review

A party is entitled to summary judgment only if there is no triable issue of material fact and the party is entitled to a judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) A defendant moving for summary judgment must show that one or more elements of the plaintiff's cause of action cannot be established or that there is a complete defense. (*Id.*, subd. (p)(2).) A defendant can satisfy its burden by presenting evidence that negates an element of the cause of action or evidence that the plaintiff does not possess and cannot reasonably expect to obtain evidence needed to support an element of the cause of action. (*Miller v. Department of Corrections* (2005) 36 Cal.4th 446, 460 [30 Cal.Rptr.3d 797, 115 P.3d 77].) If the defendant meets this burden, the burden shifts to the plaintiff to set forth "specific facts" showing that a triable issue of material fact exists. (Code Civ. Proc., § 437c, subd. (p)(2).) We review the trial court's ruling de novo, liberally construe the evidence in favor of the opposing party, and resolve all doubts concerning the evidence in favor of the opposing party. (*Miller, supra*, at p. 460.)

### 2. Triable Issues of Fact As to Whether Inscorp Is Equitably Estopped from Asserting the Contractual Limitations Provision Preclude Summary Judgment Based on the Provision

#### a. Applicable Law of Equitable Estoppel

A defendant may be equitably estopped from asserting a statutory or contractual limitations period as a defense if the defendant's act or omission caused the plaintiff to refrain from filing a timely suit and the plaintiff's reliance on the defendant's conduct was reasonable. (*Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 384–385 [2 Cal.Rptr.3d 655, 73 P.3d 517] (*Lantzy*); *Vu v. Prudential Property & Casualty Ins. Co.* (2001) 26 Cal.4th 1142, 1152–1153 [113 Cal.Rptr.2d 70, 33 P.3d 487] (*Vu*); *Spray, Gould & Bowers v. Associated Internat. Ins. Co.* (1999) 71 Cal.App.4th 1260, 1268–1269 [84 Cal.Rptr.2d 552] (*Spray*).) The act or omission must constitute a misrepresentation or nondisclosure of a material *fact*, rather than law. (*Vu, supra*, at p. 1152.) The defendant need not intend to deceive the plaintiff to give rise to an equitable estoppel. (*Lantzy, supra*, 31 Cal.4th at p. 384; *Vu, supra*, 26 Cal.4th at pp. 1152–1153.)

"One aspect of equitable estoppel is codified in Evidence Code section 623, which provides that '[w]henever a party has, by his own statement or

conduct, intentionally and deliberately led another to believe a particular thing true and to act upon such belief, he is not, in any litigation arising out of such statement or conduct, permitted to contradict it.' [Citation.] But ' "[a]n estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. [Citation.] To create an equitable estoppel, 'it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss.' . . . '. . . Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense.' " ' [Citations.]" (*Lantzy, supra*, 31 Cal.4th at p. 384.)

Equitable estoppel "rests firmly upon a foundation of conscience and fair dealing." (*City of Long Beach v. Mansell* (1970) 3 Cal.3d 462, 488 [91 Cal.Rptr. 23, 476 P.2d 423].) "Professor Pomeroy emphasizes the broad equitable concepts underlying the doctrine in the following terms: 'Equitable estoppel in the modern sense arises from the *conduct* of a party, using that word in its broadest meaning as including his spoken or written words, his positive acts, and his silence or negative omission to do anything. Its foundation is justice and good conscience. Its object is to prevent the unconscientious and inequitable assertion or enforcement of claims or rights which might have existed or been enforceable by other rules of the law, unless prevented by the estoppel; and its practical effect is, from motives of equity and fair dealing, to create and vest opposing rights in the party who obtains the benefit of the estoppel.' (3 Pomeroy, Equity Jurisprudence (5th ed. 1941) § 802, p. 180, fns. omitted.)" (*Id.* at p. 488, fn. 22.) "If one maintains silence when in conscience he ought to speak, equity will debar him from speaking when in conscience he ought to remain silent. [Citation.]" (3 Pomeroy, *supra*, § 818, p. 250.)

A nondisclosure is a cause of injury if the plaintiff would have acted so as to avoid injury had the plaintiff known the concealed fact. (*Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1093 [23 Cal.Rptr.2d 101, 858 P.2d 568].) The plaintiff's reliance on a nondisclosure was reasonable if the plaintiff's failure to discover the concealed fact was reasonable in light of the plaintiff's knowledge and experience. (Cf. *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1239 [44 Cal.Rptr.2d 352, 900 P.2d 601] [misrepresentation]; *Gray v. Don Miller & Associates, Inc.* (1984) 35 Cal.3d 498, 503 [198 Cal.Rptr. 551, 674 P.2d 253] [same].) Whether the plaintiff's reliance was reasonable is a question of fact for the trier of fact unless reasonable minds could reach only one conclusion based on the evidence. (*Alliance Mortgage, supra*, at p. 1239.) The fact that a plaintiff was represented by counsel and the

scope and timing of the representation are relevant to the question of the reasonableness of the plaintiff's reliance.

### b. *Sections 2695.4, Subdivision (a) and 2695.7, Subdivision (f)*

■ Regulations enacted by the Department of Insurance require certain disclosures by insurers in connection with claims presented. Section 2695.4, subdivision (a) requires an insurer to notify its insured claimant of contractual limitations provisions and other policy provisions that may apply to the claim. Section 2695.4, subdivision (a) states, in pertinent part: "Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant." The term "first party claimant" is defined as "any person asserting a right under an insurance policy as a named insured, other insured or beneficiary under the terms of that insurance policy, and including any person seeking recovery of uninsured motorist benefits." (§ 2695.2, subd. (f).) Thus, the term includes not only insureds making claims under first party policies, but also insureds making claims under third party liability policies. Section 2695.4, subdivision (a) does not specify when the required disclosure must be made.

■ Section 2695.7, subdivision (f) requires an insurer to notify a claimant of any statute of limitations and any "other time period requirement upon which the insurer may rely to deny a claim." (*Ibid.*) Section 2695.7, subdivision (f) states in pertinent part: "Except where a claim has been settled by payment, every insurer shall provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim. Such notice shall be given to the claimant not less than sixty (60) days prior to the expiration date; except, if notice of claim is first received by the insurer within that sixty days, then notice of the expiration date must be given to the claimant immediately. . . . This subsection shall not apply to a claimant represented by counsel on the claim matter." The term "claimant" is defined to include both a "first party claimant," defined above, and a "third party claimant," which is defined as "any person asserting a claim against any person or the interests insured under an insurance policy." (§ 2695.2, subd. (x).) Thus, section 2695.7, subdivision (f) requires notice not only to insured claimants, but also to third party claimants asserting claims against the insured.

■ The plain language of section 2695.7, subdivision (f) and its regulatory history indicate that the language "statute of limitation or other time period requirement upon which the insurer may rely to deny a claim" was

intended to include contractual limitations provisions. The regulation as originally promulgated in 1992 referred to "statutes of limitations or . . . an insurance policy or contract time limit." (Register 92, No. 52 (Dec. 15, 1992).) A revised provision in its current form was adopted in 1997. (Register 97, No. 2 (Jan. 10, 1997).) The initial statement of reasons issued by the Department of Insurance stated that the purpose of the proposed revision of the provision was "for clarity" and to address the situation where "the time limitation that may run is specified by contract instead of by statute."[6] (Initial statement of reasons, p. 12.)

The trial court concluded that section 2695.7, subdivision (f) was a more specific provision than section 2695.4, subdivision (a) in these circumstances and that, therefore, the former provision governed and the latter was inapplicable. We disagree. The rule that a specific statute prevails over a general one applies only if the two provisions cannot be reconciled. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 478 [66 Cal.Rptr.2d 319, 940 P.2d 906].) We must construe two statutes dealing with the same subject in a way that harmonizes them, avoids conflict, and avoids rendering any part of either statute surplusage, if feasible. (*Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1086 [90 Cal.Rptr.2d 334, 988 P.2d 67]; *DeVita v. County of Napa* (1995) 9 Cal.4th 763, 778–779 [38 Cal.Rptr.2d 699, 889 P.2d 1019].) "If we can reasonably harmonize '[t]wo statutes dealing with the same subject,' then we must give 'concurrent effect' to both, 'even though one is specific and the other general. [Citations.]' [Citation.]" (*Garcia, supra,* at p. 478.) The same principles apply to the construction of administrative regulations. (*Simi Corp. v. Garamendi* (2003) 109 Cal.App.4th 1496, 1505–1506 [1 Cal.Rptr.3d 207].)

Section 2695.4, subdivision (a) applies to contractual limitations provisions and other policy provisions that may apply to the claim and applies only to first party claimants. Section 2695.7, subdivision (f), in contrast, applies to statutes of limitations and any "other time period requirement upon which the insurer may rely to deny a claim," and applies to first party and third party claimants. Thus, the two regulations differ in scope. Although there is some overlap in that both regulations require an insurer to notify a first party claimant of contractual limitations provisions, this apparent redundancy does not indicate that either regulation was intended to supplant the other. Moreover, there is no conflict. An insurer can comply with both

---

[6] We take judicial notice of the initial statement of reasons, dated November 16, 1995, contained in the Department of Insurance's rulemaking file No. RH-344, relating to revisions adopted in January 2007. Our review of that file and of rulemaking file No. RH-297, relating to regulations adopted in December 1992, including section 2695.4, subdivision (a), has disclosed no other noteworthy information concerning the intended interplay of the two regulations.

notice requirements with respect to contractual limitations provisions by timely providing written notice of those provisions.

■ Section 2695.4, subdivision (a) requires an insurer to disclose to its insured claimant any contractual limitations provision, and other policy provisions, that may apply to the claim. Unlike section 2695.7, subdivision (f), section 2695.4, subdivision (a) does not state that the notice requirement is inapplicable if the claimant is represented by counsel. The language in section 2695.7, subdivision (f), "This subsection shall not apply to a claimant represented by counsel on the claim matter," exempts an insurer from the notice requirement in section 2695.7, subdivision (f), but by its own terms does not exempt an insurer from the notice requirement in section 2695.4, subdivision (a).

■ We held in *Spray, supra,* 71 Cal.App.4th 1260, that the insurer had a duty under section 2695.4, subdivision (a) to inform its insured of a contractual limitations provision and that the failure to perform that duty could give rise to an equitable estoppel. (*Spray, supra,* at p. 1269.) We rejected the argument that the insured's constructive knowledge of the policy provisions precluded an equitable estoppel. We stated that section 2695.4, subdivision (a) was intended to ensure that all insured claimants receive actual notice of any contractual limitations provision after the claim is presented, regardless of how conspicuous the provision may be in the policy. (*Spray, supra,* at pp. 1272–1273.) We stated that the purpose of this requirement was "to remedy the trap for the unwary." (*Id.* at pp. 1270–1271.) We concluded that the existence of a triable issue of material fact as to whether the insured had actual knowledge of the provision precluded summary judgment. (*Id.* at pp. 1265–1266.)

c. *Inscorp Is Not Entitled to Summary Judgment Based on the Contractual Limitations Provision*

Superior alleges in its complaint that Inscorp failed to provide notice of the one-year contractual limitations provision, as required by section 2695.4, subdivision (a), at any time and that Superior had no actual knowledge of the provision. These allegations relating to notice of the policy terms concern the nondisclosure of facts, rather than legal conclusions. Inscorp presented no evidence to controvert these allegations. The fact that Superior retained counsel before the expiration of the contractual limitations period to send a letter challenging the denial of the claim on other grounds does not establish as a matter of law that Superior's reliance on the nondisclosure was unreasonable. The reasonableness of Superior's reliance on Inscorp's nondisclosure of

the contractual limitations provision, that is, the reasonableness of Superior's failure to discover the provision by other means, is a question of fact. Cases holding that a plaintiff could not establish an estoppel because the plaintiff's attorney was charged with knowledge of the law, including a statute of limitations, are not on point because the applicable limitations period here was contractual rather than statutory.[7] Because there are triable issues of fact as to the existence of an equitable estoppel, Inscorp is not entitled to summary judgment based on the contractual limitations provision.[8]

> 3. *Inscorp Is Entitled to Summary Judgment Based on a Material Misrepresentation in the Insurance Application*[9]

> a. *Breach of Contract and of the Implied Covenant*

■ A misrepresentation or concealment of a material fact in connection with an application for insurance is grounds for rescission of the policy. (Ins. Code, §§ 331, 359; *O'Riordan v. Federal Kemper Life Assurance Co.* (2005) 36 Cal.4th 281, 286–287 [30 Cal.Rptr.3d 507, 114 P.3d 753].) "[A]n actual intent to deceive need not be shown." (*Thompson v. Occidental Life Ins. Co.* (1973) 9 Cal.3d 904, 916 [109 Cal.Rptr. 473, 513 P.2d 353].) The materiality of a misrepresentation or concealment is determined "solely by the probable and reasonable influence of the facts upon the party to whom the communication is due, in forming his estimate of the disadvantages of the proposed contract, or in making his inquiries." (Ins. Code, § 334; see also *id.*, § 360.) This is a subjective test viewed from the insurer's perspective. (*Imperial Casualty & Indemnity Co. v. Sogomonian* (1988) 198 Cal.App.3d 169, 181 [243 Cal.Rptr. 639].) Thus, a misrepresentation or concealment is material if a truthful statement would have affected the insurer's underwriting decision. (*Thompson, supra*, at p. 916.)

---

[7] *Tubbs v. Southern Cal. Rapid Transit Dist.* (1967) 67 Cal.2d 671, 679 [63 Cal.Rptr. 377, 433 P.2d 169], *Jordan v. City of Sacramento* (2007) 148 Cal.App.4th 1487, 1497 [56 Cal.Rptr.3d 641], *Romero v. County of Santa Clara* (1970) 3 Cal.App.3d 700, 705 [83 Cal.Rptr. 758], and *Kunstman v. Mirizzi* (1965) 234 Cal.App.2d 753, 757 [44 Cal.Rptr. 707], are distinguishable on this basis.

[8] Superior also contends Inscorp is equitably estopped from asserting the contractual limitations provision and the limitations period is equitably tolled for other reasons. In light of our conclusion that triable issues of fact as to the existence of an equitable estoppel based on section 2695.4, subdivision (a) preclude summary judgment based on the contractual limitations provision, we need not address the other grounds asserted for equitable estoppel and equitable tolling.

[9] We requested supplemental briefing on whether the defense of a misrepresentation or concealment in the insurance application would support affirming the summary judgment in whole or in part. Thus, we afforded the parties an opportunity to present their views on the pertinent issues pursuant to both Government Code section 68081 and Code of Civil Procedure section 437c, subdivision (m)(2).

Rescission is not the insurer's sole remedy in those circumstances. A misrepresentation or concealment of a material fact in an insurance application also establishes a complete defense in an action on the policy.[10] (*General Acc. etc. Corp. v. Indus. Acc. Com.* (1925) 196 Cal. 179, 189–190 [237 P. 33]; *Resure, Inc. v. Superior Court* (1996) 42 Cal.App.4th 156, 161–162 [49 Cal.Rptr.2d 354]; *Williamson & Vollmer Engineering, Inc. v. Sequoia Ins. Co.* (1976) 64 Cal.App.3d 261, 275 [134 Cal.Rptr. 427].) As with rescission, an insurer seeking to invalidate a policy based on a material misrepresentation or concealment as a defense need not show an intent to deceive. (*Cohen v. Penn Mut. Life Ins. Co.* (1957) 48 Cal.2d 720, 725 [312 P.2d 241]; *Telford v. New York Life Ins. Co.* (1937) 9 Cal.2d 103, 105 [69 P.2d 835].) The test for materiality is the same. (*Cohen, supra,* at pp. 725–726.)

 The application form requested a list of "Commodities Hauled," the percentage that each commodity represented of the total haul, and the average and maximum value of each commodity. The application submitted by RSI, as Superior's broker, identified the commodities hauled as 30 percent "P[r]oduce," 40 percent "food goods & canned foods beer/wine," 10 percent "textiles," and 20 percent "paper products," totaling 100 percent. No other commodities were listed. Thus, the application represented that Superior hauled no other commodities. Representations in an insurance application prepared by an insurance broker on behalf of an insured are attributed to the insured as a matter of law. (*LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.* (2007) 156 Cal.App.4th 1259, 1268 [67 Cal.Rptr.3d 917].)

Superior alleged in its original complaint that it routinely hauled "autos, dump trucks and other vehicles" and that it fully disclosed this fact to RSI. Superior's fourth amended complaint omits these specific allegations and alleges more generally that the information listed on the application concerning the commodities hauled was "false." Inscorp presented the allegation from the original complaint as evidence in support of its summary judgment motion and requested judicial notice of the complaint. Superior neither objected to this evidence orally at the hearing nor filed separate, written evidentiary objections in compliance with California Rules of Court, rule 3.1354. Instead, Superior merely argued in its separate statement of disputed and undisputed facts that the prior allegation was superseded and therefore inadmissible. Superior also opposed the request for judicial notice.

 A party objecting to evidence presented on a summary judgment motion must either object orally at the hearing or timely file separate, written evidentiary objections. (Cal. Rules of Court, rules 3.1352, 3.1354.) We

---

[10] Moreover, Superior affirmatively agreed under the terms of the policy that "[t]his entire policy shall be void if, whether before or after a loss the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof . . . ."

conclude that by failing to timely object in the manner required by the California Rules of Court, Superior waived its objections to this evidence. (Code Civ. Proc., § 437c, subd. (b)(5).) In addition, Superior presented no evidence to show that the prior allegation was mistaken, inadvertent, or untrue. Accordingly, the uncontroverted evidence shows that Superior routinely hauled motor vehicles and that the representation in the application that Superior hauled only produce, food goods, canned goods, beer and wine, textiles, and paper products was false.

In addition, Superior presented no evidence to show that the prior allegation was mistaken, inadvertent, or untrue. Accordingly, the uncontroverted evidence shows that Superior routinely hauled motor vehicles and that the representation in the application that Superior hauled only produce, food goods, canned goods, beer and wine, textiles, and paper products was false.

Inscorp also presented evidence of the materiality of the misrepresentation. Its underwriter stated in a declaration that the premium charged was based on the types of commodities identified in the application and that if the application had disclosed that Superior hauled motor vehicles, Inscorp would have either declined to issue the policy or charged a significantly higher premium. This evidence was also uncontroverted.

Superior urges us to consider the listing of commodities hauled in its insurance application together with the determination by Inscorp's inspector that Superior hauled "100% container freight." Superior argues that "container freight" or "containerized freight" can include anything hauled in or on a container. According to Superior, this shows that Inscorp was aware that Superior could have been hauling anything and that Inscorp was not misled by the listing in the application. We are not persuaded. The determination that Superior hauled "100% container freight" was not inconsistent with the listing in the application of the particular types of commodities hauled. The determination does not tend to show either that Superior knew that the representation in the application was false or that the misrepresentation was immaterial. Contrary to Superior's argument, Inscorp's understanding that Superior hauled only containerized freight did not mitigate the effect of Superior's misrepresentation as to the particular types of commodities hauled. We conclude that the material misrepresentation in the insurance application rendered the policy invalid and establishes a complete defense to the counts for breach of contract and of the implied covenant.[11]

---

[11] Inscorp's failure to allege as a defense in its answer that a misrepresentation in the insurance application invalidated the policy does not preclude our affirming the summary judgment on this ground. Superior did not argue in opposition to the summary judgment motion that the defense was not alleged in the answer and therefore could not be considered in ruling on the motion. If Superior had so argued, the court could have granted Inscorp leave to

### b. *Unfair Competition*

■ The unfair competition count incorporates the allegations of the prior counts and alleges that those same acts constitute unlawful, unfair, and fraudulent business acts or practices. The unfair competition count also alleges that Inscorp falsely advertised and made misrepresentations concerning its familiarity with the drayage business and that it failed to disclose the contractual limitations period as required by section 2695.4, subdivision (a). A private person has standing to sue for relief under the unfair competition law only if he or she "has suffered injury in fact and has lost money or property as a result of the unfair competition." (Bus. & Prof. Code, § 17204.) The alleged injury here relates to Superior's failure to obtain indemnity under the policy. Our conclusion that the policy is invalid compels the conclusion that Superior has suffered no cognizable injury or loss of money or property as a result of the alleged unfair competition. Accordingly, we conclude that the summary of adjudication of the unfair competition count was proper.

### 4. *Superior Has Shown No Prejudicial Error in the Sustaining of the Demurrer to the Fraud Count*

The sustaining of a demurrer without leave to amend to one of several counts alleged in a complaint is reviewable on appeal from a subsequent judgment. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 128 [32 Cal.Rptr.2d 275, 876 P.2d 1074].) Superior alleges that Inscorp concealed its lack of familiarity with the drayage business for the purpose of causing Superior to enter into the insurance contract. Superior alleges further that Inscorp wrongfully denied the claim based in part on its alleged misunderstanding of the business and of the term "containerized freight" as used in the industry.[12] Thus, Superior alleges that it suffered injury as a result of the concealment only because Inscorp wrongfully denied coverage.

Superior's theory of fraudulent concealment presupposes a valid policy. We conclude that the material misrepresentation in Superior's insurance application rendered the policy invalid, as we have stated. Absent a valid policy,

---

amend its answer. (*FPI Development, Inc. v. Nakashima* (1991) 231 Cal.App.3d 367, 385 [282 Cal.Rptr. 508].) Further, we conclude that by addressing the defense on the merits in its opposition to the motion, Superior waived the pleading defect. (*Cruey v. Gannett Co.* (1998) 64 Cal.App.4th 356, 367 [76 Cal.Rptr.2d 670]; *Roybal v. University Ford* (1989) 207 Cal.App.3d 1080, 1087–1088 [255 Cal.Rptr. 469].)

[12] Superior alleges in its sixth count that it "is seeking relief against both INSCORP and RSI under theories of promissory fraud, fraud/deceit, constructive fraud, intentional misrepresentation of fact, concealment or suppression of fact, [and] fraud under *Civil Code* § 1572 . . . ." Superior alleges that Inscorp "falsely advertised" that it was "suitable to insure the business that Plaintiff was engaged in" and concealed its lack of familiarity with the drayage business. Superior's argument on appeal, however, is limited to fraudulent concealment.

there is no basis for a duty to disclose and therefore no basis for fraudulent concealment. Accordingly, we conclude that Superior has shown no prejudicial error in the sustaining of the demurrer to the fraud count.

## DISPOSITION

The judgment is affirmed. Inscorp is entitled to recover its costs on appeal.

Klein, P. J., and Kitching, J., concurred.

A petition for a rehearing was denied February 22, 2010, and the opinion was modified to read as printed above.