[No. H012847. Sixth Dist. Sept. 22, 1995.]

HERITAGE CABLEVISION OF CALIFORNIA, INC., Plaintiff and Appellant, v.
RON PUSATERI, Defendant and Respondent.

518

## COUNSEL

Olimpia, Whelan & Lively, Gary L. Olimpia, David W. Lively and James J. Der, Jr., for Plaintiff and Appellant.

Foley & Foley, Douglas J. Foley and John Colistra for Defendant and Respondent.

## OPINION

**PREMO, Acting P. J.**—Plaintiff Heritage Cablevision of California, Inc., sued defendant Ron Pusateri in the municipal court for civil liability under Penal Code section 593d (unauthorized connection to cable television system)[1] and conversion. The trial court rendered judgment for defendant following a court trial. It disposed of the section 593d cause of action by granting defendant's pretrial motion for judgment on the pleadings. The motion rested upon plaintiff's failure to allege that defendant had been convicted of violating section 593d. Plaintiff appealed from the judgment to the appellate department of the superior court seeking review of the order granting defendant's motion. The appellate department reversed the judgment and certified the opinion for publication. We then ordered a transfer to this court after determining that transfer appeared necessary in order to secure uniformity of decision and to settle an important question of law. (Cal. Rules of Court, rule 62(a).) We reverse the municipal court's judgment.

### BACKGROUND

Plaintiff provides cable television service within Santa Clara County. Defendant is a subscriber to the service at a basic rate that does not include premium channels such as HBO, Showtime, or pay-per-view selections. An informant told plaintiff that defendant maintained a television descrambling device that enabled him to receive the premium channels free of charge. Plaintiff confirmed this fact and instituted this action.

The question at issue is one of statutory construction: whether a criminal conviction for violation of section 593d is a prerequisite to civil liability under the section. ■ On questions of statutory construction we exercise our independent review. (*Carroll* v. *Import Motors, Inc.* (1995) 33 Cal.App.4th 1429, 1435 [39 Cal.Rptr.2d 791].)

---

[1]Further statutory references are to the Penal Code unless otherwise indicated.

## Section 593d

The statute at issue imposes criminal and civil liability for certain tampering with cable television systems. The civil liability subdivisions provide as follows:

"(d) Any person who violates this section shall be liable to the franchised or otherwise duly licensed cable television system for the greater of the following amounts:

"(1) Five thousand dollars ($5,000).

"(2) Three times the amount of actual damages, if any, sustained by the plaintiff, plus reasonable attorney's fees.

"(e) Any franchised or otherwise duly licensed cable television system may, in accordance with the provisions of Chapter 3 (commencing with Section 525) of Title 7 of Part 2 of the Code of Civil Procedure, bring an action to enjoin and restrain any violation of this section, and may in the same action seek damages as provided in subdivision (d).

"(f) It is not a necessary prerequisite to an action pursuant to this section that the plaintiff has suffered, or be threatened with, actual damages." (§ 593d.)[2]

---

[2]The criminal liability subdivisions of section 593d provide: "(a) Every person who knowingly and willfully makes or maintains an unauthorized connection or connections, whether physically, electrically, or inductively, or purchases, possesses, attaches or maintains the attachment of any unauthorized device or devices to any cable, wire or other component of a franchised or otherwise duly licensed cable television system or to a television cable or set, or makes or maintains any modification or alteration to any device installed with the authorization of a franchised or otherwise duly licensed cable television system, for the purpose of intercepting or receiving any program or other service carried by a franchised or otherwise duly licensed cable television system which such person is not authorized by that cable television system to receive, is guilty of a misdemeanor punishable by a fine not exceeding one thousand dollars ($1,000), or by imprisonment in the county jail not exceeding 90 days, or both. For the purposes of this section, each such purchase, possession, connection or attachment shall constitute a separate violation of this section.

"(b) Every person who knowingly and willfully makes or maintains an unauthorized connection or connections with, whether physically, electrically or inductively, or attaches or maintains any attachment to, any cable, wire, or other component of a franchised or otherwise duly licensed cable television system, for the purpose of interfering with, altering or degrading any cable television service being transmitted to others, or for the purpose of transmitting or broadcasting any program or other service not intended to be transmitted or broadcast by the franchised or otherwise duly licensed cable television system, is guilty of a misdemeanor punishable by a fine not exceeding ten thousand dollars ($10,000), or by imprisonment in the county jail or both. For the purposes of this section, each such transmission or broadcast shall constitute a separate violation of this section.

"(c) Every person who, without the express authorization of a franchised or other duly licensed cable television system, knowingly and willfully manufactures, imports into this

## DISCUSSION

 The pivotal words are those in section 593d, subdivision (d), stating "person who violates." The trial court accepted defendant's construction that the words presupposed a criminal conviction. We disagree with this interpretation.

 All the provisions of the Penal Code "are to be construed according to the fair import of their terms, with a view to effect its objects and to promote justice." (§ 4.) "Consistent with [this] general principle, appellate courts first examine the language of the code section to determine whether the words used unequivocally express the Legislature's intent. If no ambiguity, uncertainty, or doubt about the meaning of the statute appears, the provision is to be applied according to its terms without further judicial construction." (*Morse* v. *Municipal Court* (1974) 13 Cal.3d 149, 156 [118 Cal.Rptr. 14, 529 P.2d 46].)

 There is no ambiguity, uncertainty, or doubt about the meaning of the phrase "person who violates." The noun form of violates, violation, means: "Injury; infringement; breach of right, duty or law; ravishment; seduction. The act of breaking, infringing, or transgressing the law." (Black's Law Dict. (6th ed. 1990) p. 1570, col. 1.) None of these meanings require a prefatory criminal conviction. Conviction generally means "the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged." (*Id.* at p. 333, col. 2.) There is simply no need for further judicial construction of section 593d, subdivision (d).

Defendant nevertheless argues that the phrase "person who violates" is ambiguous and therefore in need of construction. He reasons that the Legislature's placement of civil remedies in section 593d evinces a criminal connotation for the phrase.

---

state, distributes, sells, offers to sell, possesses for sale, or advertises for sale any device, or any plan or kit for a device or for a printed circuit, designed in whole or in part to decode, descramble or otherwise make intelligible any encoded, scrambled or other nonstandard signal carried by that cable television system, is guilty of a misdemeanor punishable by a fine not exceeding ten thousand dollars ($10,000) or by imprisonment in the county jail, or both. For the purpose of this subdivision, 'encoded, scrambled or other nonstandard signal' shall include, without limitation, any type of signal or transmission that is not intended to produce an intelligible program or service without the aid of a decoder, descrambler, filter, trap or some similar device. A second or subsequent conviction is punishable by a fine not exceeding twenty thousand dollars ($20,000) or by imprisonment in the county jail for up to one year, or both."

Defendant, however, cites no authority for this proposition. And he ignores section 9.[3] This section provides that the failure to specify civil remedies in the Penal Code does not affect the availability of such remedies. The other side of this coin is that the specification of civil remedies in the Penal Code should have no implied significance. More important, however, is that section 9 contemplates that civil remedies for Penal Code violations are generally available—not after convictions but—for "any act or omission declared punishable" by the Penal Code.

We add that the fair import of the phrase "person who violates," in connection with the objectives of section 593d, is consistent with the plain meaning of the phrase. This follows because: it is axiomatic that the deterrent effect of the criminal sanction for theft of cable services is illusory without aggressive enforcement by law enforcement officials; and it is commonly supposed that law enforcement officials consider theft of cable services to be a low priority crime considering the (1) array and urgency of violent crimes that regularly occur, (2) limited resources of most law enforcement agencies, and (3) difficulty of detecting run-of-the-mill cable thefts which necessarily take place in the privacy of the home. Thus, the purpose of the statute would be defeated if the statute operated to condition civil liability upon criminal liability. The purpose is advanced if the statute operates as its words say, i.e., to allow concurrent criminal and civil remedies.

## DISPOSITION

The judgment is reversed. The matter is remanded for trial on plaintiff's first cause of action. Plaintiff is awarded costs on appeal.

Elia, J., and Bamattre-Manoukian, J., concurred.

---

[3]Section 9 states: "The omission to specify or affirm in this Code any liability to damages, penalty, forfeiture, or other remedy imposed by law and allowed to be recovered or enforced in any civil action or proceeding, for any act or omission declared punishable herein, does not affect any right to recover or enforce the same."