[No. G046166. Fourth Dist., Div. Three. Jan. 15, 2013.]

SHARON BELL, Plaintiff and Respondent, v.
IGAL J. FEIBUSH, Defendant and Appellant.

COUNSEL

Lake Forest Bankruptcy and Anerio V. Altman for Defendant and Appellant.

Morris & Stone and Aaron P. Morris for Plaintiff and Respondent.

OPINION

FYBEL, J.—

## INTRODUCTION

Penal Code section 496, subdivision (a) (section 496(a)) makes receiving or buying property "that has been obtained in any manner constituting theft" a criminal offense punishable by imprisonment. Section 496, subdivision (c) (section 496(c)) provides that any person "who has been injured by a *violation of* [section 496(a)] . . . may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." (Italics added.)

A default judgment was entered against Igal J. Feibush for breach of contract, fraud, and treble damages under section 496(c). He challenges the treble damages on the ground he was never convicted in a criminal proceeding of the acts giving rise to liability under section 496(c). He argues a defendant must be convicted under section 496(a) before a private plaintiff may recover treble damages against that defendant under section 496(c).

We hold, based on the statutory language, a criminal conviction under section 496(a) is not a prerequisite to recovery of treble damages under section 496(c). We also hold the phrase "any manner constituting theft" under section 496(a) includes theft by false pretense. We therefore affirm the judgment.

## FACTS AND PROCEDURAL HISTORY

Sharon Bell filed a complaint asserting causes of action against Feibush for breach of contract, fraud, and violation of section 496(a). As a sanction for abuse of the discovery process, the trial court struck Feibush's answer and deemed admitted certain requests for admission. Bell requested entry of a default judgment, and a default prove-up hearing was conducted.

The evidence presented at the default prove-up hearing showed the following. Feibush induced Bell to loan him $202,500 based on the false pretense he owned the trademark "Toughlove" and he needed the money to settle a

lawsuit over his interests in what he called the "toughlove" industry. That industry, Feibush explained, "involved the rehabilitation of troubled individuals through the implementation of strict counseling and other forms of treatment generally referred to as 'toughlove.' " Feibush told Bell that his business plan was to launch a national "revamped" version of Toughlove that would earn millions of dollars.

Feibush's representations were false, and the so-called toughlove business was a scam. When Bell asked for her money back, Feibush gave her a "litany of excuses" and never repaid her.

At the trial court's request, Bell submitted supplemental briefing and declarations on the issues of attorney fees and trebling damages under section 496(c). The court heard oral argument on those two issues. Feibush was present but did not formally appear and was not represented by counsel. Bell's counsel argued Feibush had violated section 496(a) because "[h]e stole the property by means of a false artifice, and he maintained custody of that property to the exclusion of my client." The trial court awarded Bell treble damages but stated, "I really don't like it, to be honest with you, but that is what [Penal Code section 496] says."

Default judgment was entered in October 2011. The judgment awards Bell damages of $202,500 plus prejudgment interest on her breach of contract and fraud causes of action, and awards her treble damages of $607,500 on her section 496(a) cause of action. Feibush timely appealed from the default judgment.

## DISCUSSION

### I. Section 496(c) Does Not Require a Criminal Conviction Under Section 496(a).

The trial court awarded Bell treble damages under section 496(c), which reads: "Any person who has been injured by a violation of subdivision (a) or (b) may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Section 496(a) makes receiving, buying, or withholding property "that has been obtained in any manner constituting theft" an act punishable by imprisonment.[1] Feibush argues a criminal conviction under section 496(a) is a prerequisite to liability for treble damages under section 496(c).

---

[1] The first sentence of section 496(a) reads: "Every person who buys or receives any property that has been stolen or that has been obtained in any manner constituting theft or extortion, knowing the property to be so stolen or obtained, or who conceals, sells, withholds, or aids in concealing, selling, or withholding any property from the owner, knowing the

■ The fundamental task of statutory interpretation is to ascertain the Legislature's intent to effectuate the statute's purpose. (*Smith v. Superior Court* (2006) 39 Cal.4th 77, 83 [45 Cal.Rptr.3d 394, 137 P.3d 218].) In ascertaining the Legislature's intent, we first consider the language of the statute itself, giving the words used their ordinary meaning. (*Ibid.*) The statutory language must be construed in the context of the statute as a whole and the overall statutory scheme, giving significance to every word, phrase, sentence, and part of the statute. (*Ibid.*) If the statutory language is unambiguous, the plain meaning controls and consideration of extrinsic sources to determine the Legislature's intent is unnecessary. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 919 [129 Cal.Rptr.2d 811, 62 P.3d 54].) We read a statute as a whole to harmonize and give effect to all parts. (*Ste. Marie v. Riverside County Regional Park & Open-Space Dist.* (2009) 46 Cal.4th 282, 289 [93 Cal.Rptr.3d 369, 206 P.3d 739].)

Penal Code section 496 does not state a criminal conviction under section 496(a) is required for a private plaintiff to recover treble damages under section 496(c). Nor does section 496(c) limit recovery of treble damages to a crime victim. Instead, section 496(c) permits "[a]ny person" who "has been injured by a violation of subdivision (a) or (b)" to "bring an action" to recover treble damages. Both section 496(a) and section 496, subdivision (b) identify a subject: "Every person" (in § 496(a)) and "Every swap meet vendor, as defined . . ." (in § 496, subd. (b)). Both section 496(a) and section 496, subdivision (b) then state that the identified subject who engages in certain described conduct "shall be punished."[2] A violation of section 496(a) or section 496, subdivision (b) would occur when the subject engages in that described conduct. The consequence of that violation is imprisonment, and a person injured by the violation may recover treble damages under section 496(c).

*Heritage Cablevision of Cal., Inc. v. Pusateri* (1995) 38 Cal.App.4th 517 [45 Cal.Rptr.2d 191] (*Heritage*) supports our interpretation of the word "violation." In *Heritage*, a cable television company sued the defendant for civil liability under Penal Code section 593d, which imposes criminal and

---

property to be so stolen or obtained, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170."

[2] The first paragraph of Penal Code section 496, subdivision (b) reads: "Every swap meet vendor, as defined in Section 21661 of the Business and Professions Code, and every person whose principal business is dealing in, or collecting, merchandise or personal property, and every agent, employee, or representative of that person, who buys or receives any property of a value in excess of nine hundred fifty dollars ($950) that has been stolen or obtained in any manner constituting theft or extortion, under circumstances that should cause the person, agent, employee, or representative to make reasonable inquiry to ascertain that the person from whom the property was bought or received had the legal right to sell or deliver it, without making a reasonable inquiry, shall be punished by imprisonment in a county jail for not more than one year, or imprisonment pursuant to subdivision (h) of Section 1170."

civil liability for tampering with cable television systems. (*Heritage, supra*, at p. 519.) At that time, the civil liability provision of section 593d provided, in relevant part: "Any person who violates this section shall be liable to the franchised or otherwise duly licensed cable television system for the greater of . . . : [¶] (1) Five thousand dollars ($5,000). [¶] (2) Three times the amount of actual damages, if any, sustained by the plaintiff, plus reasonable attorney's fees." (Pen. Code, former § 593d, subd. (d).) The trial court agreed with the defendant that former section 593d, subdivision (d) presupposed a criminal conviction, and granted the defendant's motion for judgment. (*Heritage, supra*, at pp. 519, 521.)

The Court of Appeal, reversing, concluded a criminal conviction under Penal Code section 593d was not a prerequisite to civil liability under former section 593d, subdivision (d). (*Heritage, supra*, 38 Cal.App.4th at p. 519.) The court found no ambiguity, uncertainty, or doubt about the meaning of the phrase " 'person who violates,' " and stated: "The noun form of violates, violation, means: 'Injury; infringement; breach of right, duty or law; ravishment; seduction. The act of breaking, infringing, or transgressing the law.' [Citation.] None of these meanings require a prefatory criminal conviction. Conviction generally means 'the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged.' [Citation.] There is simply no need for further judicial construction of [former] section 593d, subdivision (d)." (*Heritage, supra*, at p. 521.)

The Court of Appeal added that this plain meaning interpretation of the phrase " 'person who violates' " is consistent with the statutory objective. (*Heritage, supra*, 38 Cal.App.4th at p. 522.) The deterrent effect of the criminal sanction for theft of cable television is "illusory" because "it is commonly supposed that law enforcement officials consider theft of cable services to be a low priority crime . . . ." (*Ibid.*) "Thus, the purpose of the statute would be defeated if the statute operated to condition civil liability upon criminal liability." (*Ibid.*)

█ A criminal conviction likewise is not a prerequisite to recovery of treble damages by any person injured by a violation of section 496(a). Had the Legislature intended to make a criminal conviction a prerequisite to treble damage liability under section 496(c), it easily could have said so.

Although we find no ambiguity or uncertainty in section 496(c), we note that our construction is consistent with the statutory purpose expressed in the legislative history. That history was explained in *Citizens of Humanity, LLC v. Costco Wholesale Corp.* (2009) 171 Cal.App.4th 1, 17–18 [89 Cal.Rptr.3d 455], disapproved on another ground in *Kwikset Corp. v. Superior Court* (2011) 51 Cal.4th 310, 337 [120 Cal.Rptr.3d 741, 246 P.3d 877], as follows:

"Penal Code section 496 was amended in relevant part in 1972. Prior to the amendment, the statute did not apply to those who *sold* stolen property; it applied only to those who purchased, received, withheld or concealed it. Nor did it include the language currently found in subdivision (c), which permits any party injured by a violation of subdivision (a) to bring a civil action for damages. This language was added by Statutes 1972, chapter 963, section 1, pages 1739–1740. It was the result of Senate Bill No. 1068 (1972 Reg. Sess.). The bill was introduced at the request of the California Trucking Association, with the goal of eliminating markets for stolen property, in order to substantially reduce the incentive to hijack cargo from common carriers. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 1068 (1972 Reg. Sess.) as amended June 26, 1972.) Yet while an early version of the bill limited the plaintiffs who may bring civil actions to *public carriers* injured by the knowing purchase, receipt, concealment, or withholding of stolen property (Sen. Bill No. 1068 (1972 Reg. Sess.) as amended in Senate, May 30, 1972), the bill was subsequently amended to expand the class of potential plaintiffs to include '[a]ny person who has been injured by' the knowing purchase, receipt, concealment or withholding of stolen property. (Sen. Amend. to Sen. Bill No. 1068 (1972 Reg. Sess.) June 26, 1972.) Moreover, that same amendment included the *sale* of knowingly stolen property within its prohibitions, and allowed any person injured by the sale of knowingly stolen property to bring a civil action. In other words, it is apparent that the statute, as enacted, broadly allows *anyone* injured by the sale of knowingly stolen property to bring a civil action against the seller, in order to reduce thefts by eliminating the market for stolen goods." (Fns. omitted.)

This history shows the Legislature believed the deterrent effect of criminal sanctions was not enough to reduce thefts. The means to reduce thefts, the Legislature concluded, was to dry up the market for stolen goods by permitting treble damage recovery by "any person" injured by the knowing purchase, receipt, concealment, or withholding of property stolen or obtained by theft. Requiring a criminal conviction under section 496(a) or section 496(c) before an injured person could recover treble damages would not advance the stated goal because civil recovery would be limited to those instances in which law enforcement authority decided to initiate and complete prosecutions.

## II. Section 496(a) Includes Theft by False Pretense.

Feibush asserts that awarding Bell treble damages under section 496(c) "opens the door to any collecting creditor to claim that a breach of contract action constitutes a fraud, and in turn constitutes a theft, under the California Penal Code for purposes of [section] 496(a)."

■ Section 496(a) extends to property "that has been obtained in any manner constituting theft." Penal Code section 484 describes acts constituting theft. The first sentence of section 484, subdivision (a) states: *"Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property,* or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, *is guilty of theft."* (Italics added.) Section 484 thus defines theft to include theft by false pretense. (*People v. Gomez* (2008) 43 Cal.4th 249, 255, fn. 4 [74 Cal.Rptr.3d 123, 179 P.3d 917].) Penal Code section 532 also defines criminal fraud "in terms nearly identical to [section] 484[, subdivision ](a)" and "provides that these acts are punishable 'in the same manner and to the same extent' as larceny." (2 Witkin & Epstein, Cal. Criminal Law (4th ed. 2012) Crimes Against Property, § 48, p. 76.)

In 1927, the Legislature consolidated the separate common law crimes of larceny, embezzlement, and theft by false pretense in Penal Code section 484, subdivision (a).[3] (*People v. Gomez, supra,* 43 Cal.4th at p. 255, fn. 4.) The forerunner of Penal Code section 496, Penal Code former section 496bb, was added by statute in 1935, after this consolidation. (See 48B West's Ann. Pen. Code (2010 ed.) amend. history foll. § 496, p. 232.) Section 496(c) was enacted in 1972. (*Citizens of Humanity, LLC v. Costco Wholesale Corp., supra,* 171 Cal.App.4th at pp. 17–18.) Thus, when the Legislature enacted section 496(c), it presumably understood that the phrase "a violation of subdivision (a)" would include theft by false pretense.

### III. Other Arguments

Citing Penal Code section 683, Feibush argues a civil court cannot determine his criminal liability. Section 683 provides the definition of "criminal action" as "[t]he proceeding by which a party charged with a public offense is accused and brought to trial and punishment." The trial court did not convict Feibush of a criminal offense and was not asked to do so. The court found Bell had been injured because Feibush violated section 496(a).

Feibush argues that under section 496(a), he cannot be liable for both theft and receiving stolen property. The last paragraph of section 496(a) states: "A

---

[3] The purpose of the consolidation was "to remove the technicalities that existed in the pleading and proof of these crimes at common law." (*People v. Ashley* (1954) 42 Cal.2d 246, 258 [267 P.2d 271].) Although consolidated into a single code section, the offenses are "aimed at different criminal acquisitive techniques" and maintain their distinct elements. (*Ibid.*)

principal in the actual theft of the property may be convicted pursuant to this section. However, no person may be convicted both pursuant to this section and of the theft of the same property." Thus, a person who obtains property by theft may be convicted for theft or for receiving stolen property, but not both. (*People v. Allen* (1999) 21 Cal.4th 846, 857–861 [89 Cal.Rptr.2d 279, 984 P.2d 486].) Were that principle applied to Feibush's civil liability under section 496(c), he would not be liable for damages under the breach of contract and fraud causes of action and treble damages under the statute. The evidence established that Feibush violated section 496(a) not only by receiving property from Bell by false pretense, but also by withholding that property when she asked for it back. The judgment in this case awards Bell $202,500 in damages on the breach of contract cause of action, the same amount on the fraud cause of action, and treble damages of $607,500 under the section 496(a) cause of action. At the end of the judgment, the trial court wrote, "[n]o double recovery." As a consequence, the principal amount of damages recoverable under the judgment cannot exceed $607,500—which is Feibush's treble damage liability under section 496(c).

Feibush argues that permitting Bell to recover treble damages under section 496(c) is contrary to public policy and permits litigants to circumvent limitations on remedies. Our decision to affirm the default judgment is based on straightforward statutory interpretation. Section 496(a) extends liability to "[e]very person who buys or receives any property that has been stolen or that has been obtained *in any manner* constituting theft." (Italics added.) Penal Code section 484, subdivision (a) describes the acts constituting theft to include theft by false pretense, which is the consensual but fraudulent acquisition of property from its owner. (Pen. Code, §§ 484, subd. (a), 532.) Feibush was found liable for fraud, i.e., for the fraudulent acquisition of property (money) from its owner (Bell). "Anything that could be the subject of a theft can also be property under section 496." (*People v. Gopal* (1985) 171 Cal.App.3d 524, 541 [217 Cal.Rptr. 487].) A principal in the actual theft of the property may be convicted for either theft or receiving stolen property under section 496(a).

We are not unmindful of Feibush's policy concerns about the potential consequences of our interpretation of section 496(c). But it is the task of the Legislature to address those policy concerns. It is not this court's role to replace the word "violation" with the word "conviction" in the statute.

Finally, we note, because this is an appeal from a default judgment, we do not address the sufficiency of the evidence or the burden of proof applicable to recovery of treble damages under section 496(c). (See *Uva v. Evans* (1978) 83 Cal.App.3d 356, 362–363 [147 Cal.Rptr. 795] [appellate review of default judgment is limited to jurisdiction, defects in pleadings, and claims of excessive damages].)

## DISPOSITION

The judgment is affirmed. Respondent shall recover costs incurred on appeal.

O'Leary, P. J., and Aronson, J., concurred.