Filed 3/23/16  Syprasert v. Truck Ins. Exchange CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE


| | |
|---|---|
| ARICH SYPRASERT et al., | B260567 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC527441) |
| v. | |
| TRUCK INSURANCE EXCHANGE et al., | |
| Defendants and Respondents. | |


APPEAL from an order of the Superior Court of Los Angeles County, Elizabeth R. Feffer, Judge.  Affirmed.

WLA Legal Services, Inc., and Steven L. Zelig for Plaintiffs and Appellants.

Gordon & Rees LLP, and Christopher R. Wagner and Margaret M. Drugan, for Defendants and Respondents.

# INTRODUCTION

Plaintiffs Arich and Boualirne Syprasert purchased an insurance policy from defendant Truck Insurance Exchange (Truck) to insure their commercial property. The policy contains a suit limitations provision that bars an insured from suing Truck unless the lawsuit is brought within two years "after the date on which the direct physical loss or damage occurred." More than three and a half years after Truck denied their insurance claim, the Sypraserts filed a lawsuit on behalf of themselves and a purported class of holders of insurance policies purchased from Truck. The lawsuit named Truck, Farmers Insurance Exchange (Farmers), and Truck Underwriters Association (Underwriters) as defendants. The causes of action in the operative first amended complaint are premised on the Sypraserts' allegations that Truck's suit limitations provision is illegal or violates public policy.

The trial court sustained Truck's and Farmers' demurrer without leave to amend as to all of the causes of action asserted against them.[1] The court then dismissed Truck and Farmers from the action.[2] We affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

## I.        The Sypraserts' Insurance Policy and Claim for Recovery

In 2008, the Sypraserts, who are of Thai descent, purchased an insurance policy from Truck to insure their commercial property located in Visalia, California against "Risks of Direct Physical Loss." The policy covers losses sustained between December 18, 2008 and December 18, 2009. The policy contains several provisions modeled after the standard-form insurance policy set forth in Insurance Code section 2071, including a provision entitled "Legal Action Against Us" (the suit

---

[1]        The court overruled the demurrer to the fourth cause of action asserted against Underwriters. Underwriters is not a party to this appeal.

[2]        Because the order sustaining the demurrer did not dismiss Truck and Farmers as parties, we directed the Sypraserts' counsel to obtain such an order or judgment and forward it to this court. (*Hill v. City of Long Beach* (1995) 33 Cal.App.4th 1684, 1695.) We have now received the dismissal order and exercise our discretion to deem the Sypraserts' appeal to have been taken from the dismissal order.

limitations provision), which provides that the Sypraserts cannot sue Truck under the policy unless the lawsuit is "brought within 2 years after the date on which the direct physical loss or damage occurred."

On September 22, 2009, the Sypraserts' property was severely damaged by fire. They filed a claim under their policy, which was adjusted by Farmers and investigated by a law firm. On February 16, 2010, Truck notified the Sypraserts that their claim had been denied and, using language that "mirrored" the policy's suit limitations provision, advised the Sypraserts that they had until two years from the date of their loss to seek legal recourse if they disputed the denial of their claim.

## II.    The Sypraserts' Lawsuit

On November 12, 2013, more than three and a half years after their insurance claim was denied, the Sypraserts filed a complaint against Truck, Farmers, and Underwriters.[3] On April 22, 2014, the Sypraserts filed the operative first amended complaint asserting twelve causes of action, ranging from breach of the covenant of good faith and fair dealing to violation of Penal Code section 496.[4]

---

[3]    The first amended complaint alleges that Underwriters acted as the "attorney-in-fact" under the subscription agreement to the Sypraserts' policy.

[4]    The first amended complaint alleges the following causes of action: (1) breach of the covenant of good faith and fair dealing (first cause of action); (2) breach of contract (second cause of action); (3) violation of Penal Code section 496 (third cause of action); (4) breach of fiduciary duty (fourth cause of action); (5) fraud in the inducement of the insurance policy and the claim adjustment (fifth cause of action); (6) negligent misrepresentation (sixth cause of action); (7) intentional interference with a contractual relationship (seventh cause of action); (8) violation of the Unruh Civil Rights Act (Civ. Code, § 51, et seq.) (eighth cause of action); (9) violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200) (ninth cause of action); (10) fraud by including an illegal suit limitations provision in the insurance policy (tenth cause of action); (11) negligent misrepresentation (eleventh cause of action); and (12) violation of Penal Code section 496 (twelfth cause of action).

The first, third, fifth, sixth, and eighth causes of action are brought against all three defendants. The fourth cause of action is brought only against Underwriters. The second, and ninth through twelfth, causes of action are brought only against Truck. The seventh cause of action is brought against Farmers and Underwriters, but not Truck. All

3

Defendants demurred to the first amended complaint.[5]  The trial court sustained defendants' demurrer without leave to amend as to all of the causes of action, except for the fourth cause of action for breach of fiduciary duty asserted only against Underwriters.[6]  The court found that most of the Sypraserts' claims are barred by the suit limitations provision included in the Sypraserts' insurance policy.  As to the Sypraserts' claims for violations of the Unruh Civil Rights Act and the Unfair Competition Law, the court found those claims are barred by the statute of limitations applicable to the underlying statutes giving rise to the claims.  The Sypraserts appeal.

## DISCUSSION

### I.      Standard of Review

We apply a de novo standard of review to a trial court's order of dismissal following an order sustaining a demurrer.  (*Los Altos El Granada Investors v. City of Capitola* (2006) 139 Cal.App.4th 629, 650.)  In other words, we exercise our "independent judgment about whether the complaint states a cause of action as a matter of law." (*Ibid.*)  "In reviewing a judgment of dismissal after a demurrer is sustained without leave to amend, we must assume the truth of all facts properly pleaded by the plaintiffs, as well as those that are judicially noticeable." (*Howard Jarvis Taxpayers Assn. v. City of La Habra* (2001) 25 Cal.4th 809, 814.)

When a demurrer "is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment:  if it can be, the

---

of the causes of action are brought by the Sypraserts individually.  The ninth through twelfth causes of action are also brought on behalf of the purported class.

[5]      Defendants also filed a request for judicial notice of the first amended complaint, an online press release discussing the Sypraserts' insurance claim, and the letter denying the Sypraserts' insurance claim.  No ruling on the request for judicial notice appears in the record.  However, it does not appear the trial court relied on any of the material included in the request, other than the operative pleading which was the subject of the demurrer, when it ruled on defendants' demurrer.

[6]      The Sypraserts dismissed with prejudice the remaining fourth cause of action for breach of fiduciary duty after the court ruled on defendants' demurrer.

4

trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm." (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) Such a showing can be made for the first time before the reviewing court. (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711 (*Smith*).) "The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank*, *supra*, 39 Cal.3d at p. 318.)

A demurrer may be sustained without leave to amend where, " 'the facts are not in dispute, and the nature of the plaintiff's claim is clear, but, under the substantive law, no liability exists.' [Citation.]" (*Seidler v. Municipal Court* (1993) 12 Cal.App.4th 1229, 1233.) "A judgment of dismissal after a demurrer has been sustained without leave to amend will be affirmed if proper on any grounds stated in the demurrer, whether or not the court acted on that ground." (*Carman v. Alvord* (1982) 31 Cal.3d 318, 324.)

## II. Truck's Suit Limitations Provision Complies with California Law

The Sypraserts contend their causes of action for breach of contract and bad faith are not barred by their policy's suit limitations provision because that provision is invalid or violates public policy. The Sypraserts also contend they adequately alleged individual and class claims for fraud, negligent misrepresentation, theft, and violation of the Unfair Competition Law based on Truck's inclusion of an illegal suit limitations provision in insurance policies sold to class members. The Sypraserts explain that Truck's suit limitations provision is "inaccurate and deceptive" because it does not contain language describing equitable tolling. Because most of the Sypraserts' causes of action are time-barred under the suit limitations provision, we first address the legality of that provision. As explained below, Truck's suit limitations provision is valid because it conforms with the Insurance Code's requirements.

Insurance Code section 2071 sets forth the standard form that all fire insurance policies must follow. (See Ins. Code, §§ 2070 & 2071.) Insurance providers cannot make changes to the standard form unless the changes "provide total fire coverage that is at least 'substantially equivalent' to [or more favorable than] coverage provided by

5

the standard form." (*Century-National Ins. Co. v. Garcia* (2011) 51 Cal.4th 564, 567; see also Ins. Code, § 2070.) Part of the Insurance Code's standard form is a suit limitations provision that provides: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss." (Ins. Code, § 2071.) This provision, or a similarly-worded one, should be included in all fire insurance policies issued in California. (*Ashou v. Liberty Mut. Fire Ins. Co.* (2006) 138 Cal.App.4th 748, 756.)

Here, a similarly worded provision is included in the policies issued by Truck. The provision included in the Sypraserts' policy provides: "No one may bring a legal action against us under this insurance unless: [¶] a. There has been full compliance with all of the terms of this insurance; and [¶] b. The action is brought within 2 years after the date on which the direct physical loss or damage occurred." The Sypraserts also allege a nearly identical provision was included in policies sold to class members.[7] This type of provision " 'has long been recognized as valid in California. . . . ' [Citation.]" (*Prudential-LMI Com. Insurance v. Superior Court* (1990) 51 Cal.3d 674, 683 (*Prudential-LMI*).) As such, the two-year suit limitations provision included in Truck's policies complies with the Insurance Code.

We now turn to the Sypraserts' argument that Truck's suit limitations provision is illegal because it does not include equitable tolling language. In *Prudential-LMI*, the California Supreme Court explained how a suit limitations provision operates. The limitations period begins from the date of "inception of the loss," which is defined as the "point in time when appreciable damage occurs and is or should be known to the insured, such that a reasonable insured would be aware that his notification duty under the policy has been triggered." (*Prudential-LMI*, *supra*, 51 Cal.3d at pp. 678, 687.) The

---

[7]    Specifically, the Sypraserts allege the following provision was included in policies sold to class members: " 'No one may bring a legal action against us under this insurance unless: . . . The action is brought within 2 years (or 1 year) after the date on which the direct physical loss or damage occurred.' " (Italics removed.)

6

limitations period stops running, or becomes equitably tolled, however, if the insured gives notice of the damage to the insurer. (*Id.* at p. 693.) The limitations period remains tolled from when notice is given until the insurer denies coverage, at which point the limitations period begins to run again. (*Ibid*.)

Equitable tolling, however, is not statutorily-mandated. It is a judicially-created rule that affects how a suit limitations provision operates. (See *Prudential-LMI*, *supra*, 51 Cal.3d at pp. 687-693). It was established to balance the Legislature's desire to expedite resolution of legal disputes arising out of insurance policies against the difficulties that a shorter-than-usual limitations period creates for an aggrieved insured. (See *Prudential-LMI*, *supra*, 51 Cal.3d at pp. 691-692 [noting that the one-year limitations period applicable to claims for breach of an insurance policy is shorter than the three-year statute of limitations applicable to standard breach of contract claims].)

The Sypraserts contention that *Prudential-LMI* requires all insurance policies governed by Insurance Code section 2071 to include language describing equitable tolling is meritless. *Prudential-LMI* did not hold, or even suggest, that an insurance policy's suit limitations provision must include language describing equitable tolling. (See *Prudential-LMI*, *supra*, 51 Cal.3d at pp. 682-684, 687-693.) Rather, the court simply described how an insurance policy's suit limitations provision modeled after Insurance Code section 2071 operates. (See *id*. at pp. 682-693.) Indeed, it approved suit limitations provisions that are modeled after Insurance Code section 2071. Specifically, the court observed that an insurance provision authorized by statute "is deemed consistent with public policy as established by the Legislature," and it recognized that the model suit limitations provision set forth in Insurance Code section 2071 has long been held valid in California. (*Id*. at pp. 683-684.)

We note that since *Prudential-LMI* was decided, the Legislature has not amended Insurance Code section 2071 to require equitable tolling language in fire insurance policies. (See Ins. Code, § 2071.) We also note that the Sypraserts do not contend that Insurance Code section 2071 is unconstitutional, that its terms are unclear or ambiguous, or that application of its terms would lead to absurd results. Instead, the

7

Sypraserts ask us to write into Insurance Code section 2071 language that the Legislature did not use.  We decline that invitation because courts do not have the power to rewrite or amend valid legislation.  (See *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 992.)  Because the suit limitations provision included in the Sypraserts' policy and the policies underlying their class claims conforms to the standard form provision set forth in Insurance Code section 2071, it is valid, enforceable, and consistent with public policy.  (See *Prudential-LMI*, *supra*, 51 Cal.3d at pp. 683-684.)

### III.    The Trial Court Properly Dismissed the Sypraserts' Second and First Causes of Action for Breach of Contract and Bad Faith

#### A.    The Sypraserts' second cause of action for breach of contract is time-barred.

In their second cause of action for breach of contract, the Sypraserts allege Truck improperly investigated and denied their insurance claim.  The trial court found that the Sypraserts' breach of contract claim is barred by the suit limitations provision because it arises under the Sypraserts' insurance policy.  The court was correct.

The first amended complaint alleges that the Sypraserts' property was damaged on September 22, 2009.  However, it does not allege when the Sypraserts discovered the damage or filed their claim with Truck.  Assuming the Sypraserts filed their claim as early as possible--i.e., immediately after their property was damaged--the suit limitations period would have started to run when Truck denied their claim on February 16, 2010.  (See *Prudential-LMI*, *supra*, 51 Cal.3d at pp. 683, 693.)  The Sypraserts had two years from February 16, 2010 to file their claim for breach of contract.  They did not file their lawsuit until November 12, 2013, more than a year and a half after the suit limitations provision expired.  Accordingly, their claim for breach of contract is time-barred.

8

### B. The Sypraserts' first cause of action for bad faith is time-barred.

The court also correctly found that the Sypraserts' first cause of action for bad faith was time-barred. A cause of action for bad faith denial of an insurance claim is barred by the underlying policy's suit limitations provision if the cause of action is a " 'transparent attempt to recover on the policy, notwithstanding [the plaintiff's] failure to commence suit' " within the limitations period. (See *Jang v. State Farm Fire & Casualty Co.* (2000) 80 Cal.App.4th 1291, 1301 (*Jang*), italics omitted.)

Because this cause of action simply recasts the breach of contract cause of action as a bad faith claim, it too is barred by Truck's policy's suit limitations provision. (See *Jang, supra*, 80 Cal.App.4th at p. 1301.) Put another way, the bad faith cause of action fails as a matter of law because it is derivative of, and dependent on, the Sypraserts' contention that their policy's suit limitations provision is illegal.

### C. Farmers and Truck are not estopped from relying on the suit limitations provision.

The Sypraserts contend Farmers and Truck should be equitably estopped from relying on the suit limitations provision to defend against their claims because Farmers and Truck violated certain regulations governing the handling of insurance claims. Specifically, the Sypraserts allege Farmers and Truck violated these regulations when they denied the insurance claim by reciting the language of the suit limitations provision contained in the Sypraserts' policy without reference to equitable tolling. We disagree.

Section 2695.4, subdivision (a), of the Fair Claims Settlement Practices Regulations (Cal. Code, Regs., tit. 10, §§ 2695.1-2695.17) provides in pertinent part: "Every insurer shall disclose to a first party claimant or beneficiary, all benefits, coverage, time limits or other provisions of any insurance policy issued by that insurer that may apply to the claim presented by the claimant." Section 2695.7, subdivision (f), of the Fair Claims Settlement Practices Regulations requires an insurer to "provide written notice of any statute of limitation or other time period requirement upon which the insurer may rely to deny a claim." Courts have interpreted these regulations to

9

create an affirmative duty on the part of the insurer to provide timely notice of any applicable suit limitations provisions when denying the insured's claim under a policy issued by the insurer. (See *Spray, Gould & Bowers v. Associated Internat. Ins. Co.* (1999) 71 Cal.App.4th 1260, 1269 (*Spray*); *Superior Dispatch, Inc. v. Insurance Corp. of New York* (2010) 181 Cal.App.4th 175, 189-190 (*Superior Dispatch*) ["An insurer can comply with both notice requirements with respect to contractual limitations provisions by timely providing written notice of those provisions"].) An insurer can be estopped from relying on a suit limitations provision if it does not properly inform the insured of the provision when denying the insured's claim. (See *Spray*, *supra*, 71 Cal.App.4th at p. 1269; *Superior Dispatch*, *supra*, 181 Cal.App.4th at pp. 188-191.)

The Sypraserts cannot establish estoppel because their pleading alleges that Farmers and Truck complied with the notice requirements of the Fair Claims Settlement Practices Regulations. Specifically, in the portion of the first amended complaint entitled "Waiver, Forfeiture and Estoppel," the Sypraserts allege, "When the claim was denied, [the Sypraserts] had no reason to believe that the filing date was not as [d]efendants had represented because the representation mirrored policy language." As already discussed, the language used in the suit limitations provision in the Sypraserts' policy is valid and enforceable. Because the Fair Claims Settlement Practices Regulations require only that an insurance provider give notice of an applicable contractual limitations provision, Farmers and Truck satisfied their duty by informing the Sypraserts of the applicable limitations period using language that "mirrored" the policy's suit limitations provision. (See *Superior Dispatch*, *supra*, 181 Cal.App.4th at p. 190.)

This case is distinguishable from *Spray*, which the Sypraserts rely on to argue defendants should be estopped from raising the suit limitations provision as a defense. In *Spray*, the policyholders raised a triable issue as to whether an insurance company could be estopped from relying on a suit limitations provision by introducing evidence that the insurance company failed to advise the policyholders of the provision when it denied their claim. (*Spray*, *supra*, 71 Cal.App.4th at p. 1264.) Here, a dispute does not

10

exist as to whether Farmers and Truck advised the Sypraserts of their policy's suit limitations provision when they denied the Sypraserts' claim.

## IV. The Trial Court Properly Dismissed the Sypraserts' Fifth, Sixth, Tenth, and Eleventh Causes of Action for Fraud and Negligent Misrepresentation

The Sypraserts also allege individual and class causes of action for fraud and negligent misrepresentation. In their fifth cause of action, the Sypraserts allege Farmers, Truck, and Underwriters engaged in two types of fraud: fraud in the inducement of the insurance policy by falsely representing that the policy contained a legal suit limitations provision, and fraud in the adjustment and denial of the Sypraserts' claim under the policy. In their tenth cause of action for fraud, the Sypraserts allege Truck fraudulently induced purported class members into purchasing its insurance policies by representing that each policy contained a legal suit limitations provision. The Sypraserts sixth and eleventh causes of action for negligent misrepresentation are based on the same allegations giving rise to their fraud claims.

The Sypraserts have not adequately pleaded causes of action for fraud based on a theory of fraud in the inducement of Truck's insurance policies. Because the suit limitations provision used by Truck is legal, any representation by defendants that Truck's policies contain a legal suit limitations provision cannot form the basis for a claim of fraud. In other words, the Sypraserts have not alleged any fraudulent conduct by defendants. Likewise, the Sypraserts have not alleged any negligent misrepresentation by defendants in the execution of Truck's insurance policies.

The Sypraserts also have not adequately alleged causes of action for fraud and negligent misrepresentation arising out of defendants' adjustment and denial of the Sypraserts' insurance claim. " ' "Every element of the cause of action for fraud must be alleged in the proper manner and the facts constituting the fraud must be alleged with sufficient specificity to allow [the] defendant to understand fully the nature of the charge made." ' [Citations.]" (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 157 (*Tarmann*).) This means the plaintiff must allege "the names of

11

the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." (*Ibid*.) The same requirement applies to a claim for negligent misrepresentation, where the alleged misrepresentation is a "false promise" to perform an act. (See *id*. at p. 159.)

Here, the Sypraserts allege defendants fraudulently concealed the purpose for which they hired a law firm to investigate the Sypraserts' claim. The Sypraserts contend defendants hired the law firm to create the appearance that defendants were investigating the Sypraserts' claim, when defendants never intended to investigate the claim at all. They further allege defendants denied their claim immediately after it was filed, even though defendants represented that they would conduct a good-faith investigation. The Sypraserts did not allege, however, who made the representation that defendants would conduct a good faith investigation of the Sypraserts' claim, under what authority that person spoke, and when that person spoke. Accordingly, they have failed to state causes of action for fraud and negligent misrepresentation arising out of the adjustment and denial of their claim. (*Tarmann*, *supra*, 2 Cal.App.4th at p. 157.)

## V.     The Trial Court Properly Dismissed the Sypraserts' Third and Twelfth Causes of Action for Theft

In their third and twelfth causes of action, the Sypraserts allege claims for "theft" under Penal Code section 496, subdivision (c). Penal Code section 496, subdivision (c) allows a plaintiff to recover treble civil damages for theft. (See *Bell v. Feibush* (2013) 212 Cal.App.4th 1041, 1047-1049.) Penal Code section 484 defines theft as, among other things, the fraudulent appropriation of money or property by false pretenses. (Pen. Code, § 484, subd. (a); see also *Bell*, *supra*, 212 Cal.App.at p. 1048.) The elements for theft by false pretenses are: "(1) the making of a false pretense or representation by the defendant, (2) the intent to defraud the owner of his property, and (3) actual reliance by the owner upon the false pretense in parting with his property." (*People v. Fujita* (1974) 43 Cal.App.3d 454, 467.)

The Sypraserts' theft claims are premised on a theory of theft by false pretenses. In their third cause of action, the Sypraserts allege Farmers, Truck, and Underwriters

"fraudulently misappropriated money" and "knowingly and designedly by false and fraudulent representations or pretenses induced Plaintiffs to pay them money." (Internal quotation marks omitted.) Specifically, the Sypraserts allege defendants induced them into purchasing their insurance policy by falsely claiming that the policy contained a legal suit limitations provision. In their twelfth cause of action, the Sypraserts allege Truck engaged in the same conduct when it sold insurance policies to purported class members.

These allegations do not state claims for theft by false pretenses under Penal Code section 496, subdivision (c). As already discussed, the suit limitations provision included in Truck's policies is legal. Thus, any representation by defendants that Truck's policies contain a legal suit limitations provision was not false and does not support claims for theft by false pretenses as alleged in the third and twelfth causes of action.

## VI. The Trial Court Properly Dismissed the Sypraserts' Ninth Cause of Action for Violation of the Unfair Competition Law

In their ninth cause of action, the Sypraserts allege Truck violated the Unfair Competition Law by selling insurance policies that include the challenged suit limitations provision. The Unfair Competition Law prohibits any unfair, unlawful, or fraudulent business act or practice, including "unfair, deceptive, untrue or misleading advertising" under Business and Professions Code section 17500. (Bus. & Prof. Code, § 17200.) To state a cause of action for deceptive or misleading advertising under the Unfair Competition Law, the plaintiff must allege that consumers are likely to be deceived by the defendant's conduct. (*Prakashpalan v. Engstrom, Lipscomb and Lack* (2014) 223 Cal.App.4th 1105, 1134.)

The Sypraserts allege Truck engaged in "illegal, unfair and deceptive business, advertising and solicitation practices" by "misrepresenting to its insureds the time within which to file suit as a result of mishandling of first party claims." Specifically, the Sypraserts allege Truck's advertisement of its policies as containing a legal suit

13

limitations provision was deceptive because the provision does not contain language describing equitable tolling.

The Sypraserts' claims under the Unfair Competition Law fail because they do not allege any deceptive acts by Truck: there is no requirement that Truck must state or advertise that its suit limitations provision is subject to equitable tolling. As we already discussed, the language used in Truck's suit limitations provision conforms with Insurance Code section 2071's standard form. As the Supreme Court observed in *Prudential-LMI*, a suit limitations provision that conforms with Insurance Code section 2071 has long been recognized as valid in California, and such a provision is deemed consistent with public policy as established by the Legislature. (*Prudential-LMI*, *supra*, 51 Cal.3d at pp. 683-684.)

### VII. The Trial Court Properly Dismissed the Sypraserts' Seventh Cause of Action for Intentional Interference with a Contractual Relationship

In their seventh cause of action, the Sypraserts allege Farmers intentionally interfered with their contractual relationship with Truck by improperly investigating their insurance claim. To state a claim for intentional interference with a contractual relationship, the plaintiff must allege: "(1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage." (*Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148.)

"The tort of intentional interference with contractual relations is committed only by 'strangers—interlopers who have no legitimate interest in the scope or course of the contract's performance.' [Citation.] Consequently, a contracting party is incapable of interfering with the performance of his or her own contract and cannot be held liable in tort for conspiracy to interfere with his or her own contract." (*PM Group, Inc. v. Stewart* (2007) 154 Cal.App.4th 55, 65.) Certain entities or persons who are not parties to the contract, such as agents of the breaching party, also cannot be held liable for intentional interference with a contractual relationship. (See *Weinbaum v. Goldfarb,*

14

*Whitman & Cohen* (1996) 46 Cal.App.4th 1310, 1316 (*Weinbaum*).) For example, an insurance adjusting firm and its employees cannot be held liable for interfering with the contractual relationship between the insurer and the insured. (*Gruenberg v. Aetna Ins. Co.* (1973) 9 Cal.3d 566, 576; see also *Weinbaum*, *supra*, 46 Cal.App.4th at p. 1316.)

The Sypraserts try to sidestep the rule that an adjustment firm cannot be held liable for tortiously interfering with the contractual relationship between the insurer and the insured by pleading that Truck and Farmers are separate entities. This allegation does not save the Sypraserts' claim. Although the Sypraserts allege that the two companies are separate entities, they do not allege that Farmers was not acting as Truck's agent when it adjusted the Sypraserts' claim. In fact, the Sypraserts specifically allege that Farmers adjusted their insurance claim. By doing so, the Sypraserts allege that Farmers acted as Truck's agent. (See *Weinbaum*, *supra*, 46 Cal.App.4th at p. 1316 [an insurance adjustment firm and its employees act as the agent of the insurer].) Accordingly, Farmers cannot be held liable for intentionally interfering with the contractual relationship between the Sypraserts and Truck.

Relying on *Woods v. Fox Broadcasting Sub., Inc.* (2005) 129 Cal.App.4th 344, the Sypraserts contend an agent of the breaching party can be liable for intentionally interfering with a contractual relationship. The Sypraserts' reliance on *Woods* is misplaced. In *Woods*, the court held that a powerful shareholder may be liable if it interferes with a contract between the corporation whose shares it owns and some other entity. (*Woods*, *supra*, 129 Cal.App.4th at p. 353.) The court did not, however, hold that an agent of a contracting party can be liable for interference. (*Id.* at pp. 350-356.) Indeed, in reaching its holding that shareholders can be liable for interference with a contractual relationship, it recognized the long-standing rule that a contracting party and its agent cannot be liable for such interference. (*Id.* at p. 352.)

## VIII. The Trial Court Properly Dismissed the Sypraserts' Eighth Cause of Action for Violation of the Unruh Civil Rights Act

Finally, in their eighth cause of action, the Sypraserts allege Farmers, Truck, and Underwriters violated the Unruh Civil Rights Act. They claim defendants denied them

"full and equal accommodations, advantage[s], privileges, and/or services because [they] are of Thai descent." The trial court found this claim was barred by the statute of limitations for causes of action under the Unruh Civil Rights Act.

Claims under the Unruh Civil Rights Act are subject to one of two statutes of limitations. For claims derived from the common law, a two-year statute of limitations applies. (See *Gatto v. County of Sonoma* (2002) 98 Cal.App.4th 744, 756-759 (*Gatto*) [the statute of limitations for personal injury actions governs claims involving liability derived from common law]; Code Civ. Proc., § 335.1; see also Rylaarsdam et al., Cal. Practice Guide: Civil Procedure Before Trial, Statutes of Limitations (The Rutter Group 2016) ¶¶ 4:620 [if the liability "devolved from common law, the action is subject to the general 2-year 'personal injury' statute of limitations" under Code of Civil Procedure section 335.1].) For claims based on a statutory liability that did not exist at common law, a three-year statute of limitations applies. (See *Gatto*, *supra*, 98 Cal.App.4th at p. 759; Code Civ. Proc., § 338, subd. (a); see also Rylaarsdam et al., Cal. Practice Guide: Civil Procedure Before Trial, Statutes of Limitations (The Rutter Group 2016) ¶¶ 4:620-4:645.)

A claim under the Unruh Civil Rights Act for denial of "full and equal accommodations, advantages, facilities, privileges, or services in all business establishments" on the basis of national origin is derived from the common law and thus subject to the two-year statute of limitations. (See *Gatto*, *supra*, 98 Cal.App.4th at p. 756, 758.) As a result, the Sypraserts had two years from the time defendants denied their insurance claim to file their cause of action for violation of the Unruh Civil Rights Act. Their cause of action is untimely because it was filed more than three and a half years after their insurance claim was denied.[8]

---

[8] Even if the three-year statute of limitations applies, the Sypraserts' cause of action is barred because the Sypraserts did not file their original complaint within three years of Truck's denial of their claim under their policy.

16

**IX.    The Trial Court Properly Dismissed the Sypraserts' Causes of Action Without Leave to Amend**

As noted above, the plaintiff carries the burden of demonstrating that there is a reasonable probability that his or her complaint can be amended to state a cause of action. (*Blank*, *supra*, 39 Cal.3d at p. 318.) Such a showing can be made for the first time on appeal. (*Smith*, *supra*, 93 Cal.App.4th at p. 711.) In their opening brief, the Sypraserts make no attempt to argue that they can amend their complaint to state causes of action against Farmers or Truck. They also did not file a reply brief. Because the Sypraserts have not carried their burden, we affirm the trial court's dismissal of their claims after sustaining the demurrer without leave to amend.

## DISPOSITION

The order of dismissal is affirmed. Respondents shall recover their costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

LAVIN, J.

WE CONCUR:

ALDRICH, Acting P. J.                    HOGUE, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.